UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

                        Plaintiff,

        v.                                                    Case No. 20-cv-0281-bhl

CAPT. ELSINGER, SGT. KELLER,
CO LARKIN, CO KAMMER,
and CO MAHER,

                        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (ECF NO. 13) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

        Rufus West, an inmate at the Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 13) and screens his complaint (ECF No. 1).

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (ECF No. 13)

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

        On March 9, 2020, the Court ordered the plaintiff to pay an initial partial filing fee of $13.37. (ECF No. 6.) The plaintiff paid that fee on March 26, 2020. The Court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.


### II.  Screening the Complaint

####         A.  Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. The Plaintiff's Allegations**

The plaintiff alleges that on July 13, 2018, he injured his back at Jumu'ah services and, as the day progressed, his pain worsened. (ECF No. 1 at 2.) The plaintiff states that that night at 11:55 p.m., he told defendant Officer Larkin that he needed to see Health Services for a "medical emergency." (*Id.*) Officer Larkin allegedly responded, "I can't stop right now," and kept walking, leaving the plaintiff to suffer in pain. (*Id.*)

On July 14, 2018 at 12:07 a.m. (or twelve minutes later), the plaintiff informed an officer who said his name was Kammer or Maher that he needed to see Health Services for his severe back pain that was creeping down his left leg. (*Id.*) The officer told the plaintiff that no one from health services was there. (*Id.*) A little over an hour later, the plaintiff stopped defendant Officer Kammer/Maher and repeated his plea for medical care for his severe back and leg pain. (*Id.*) The officer instructed the

plaintiff to put in a health services request slip and the plaintiff told him he had already done that. (*Id.*) Officer Kammer/Maher told the plaintiff that he would not be receiving medical care and he would have to wait until health services staff responded to his request. (*Id.* at 2-3.) The plaintiff asked Officer Kammer/Maher to speak to a lieutenant or a captain and the officer responded that, per defendant Captain Elsinger, his pain was not a medical emergency. (*Id.* at 3.)

On July 14, 2018 at 6:35 a.m., the plaintiff informed defendant Sergeant Keller that he needed to see Health Services for his severe back and leg pain. (*Id.*) Sergeant Keller told the plaintiff that he already knew about his pain and that it was not a medical emergency. (*Id.*) Sergeant Keller ordered the plaintiff to go lock himself in his cell. (*Id.*)

The plaintiff states that the defendants' wanton and deliberate actions caused him to suffer from extreme, paralyzing, and excruciating pain in his back and left leg from July 13 to July 16, 2018, at which time he began receiving medical care from Health Services staff. (*Id.* at 4.) He says that he suffered immensely from the pain and that he could not walk, stand, sit, or lay in any position without being in pain. (*Id.*) He seeks $1,000,000 from each defendant.

### C. Analysis

"The Eighth Amendment's proscription against 'unnecessary and wanton infliction of pain' is violated when prison officials demonstrate 'deliberate indifference to serious medical needs' of prisoners—whether the indifference 'is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care.'" *Lewis v. McLean*, 864 F.3d 556, 562 (7th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim contains both an objective and a subjective component. "[A] prisoner must first establish that his medical condition is 'objectively, sufficiently serious,' and second, that prison officials acted with a 'sufficiently culpable state of mind'—i.e., that they both knew of and disregarded an excessive risk to inmate health." *Id.* at 562-63 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *see also Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).

The plaintiff may proceed on a claim against the defendants in their individual capacities based on allegations that they ignored his requests for emergency medical assistance when he complained that he was in severe pain. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further

3

significant injury or unnecessary and wanton infliction of pain if not treated"); *Gomez*, 680 F.3d at 865 (plaintiff alleged serious medical condition by stating in complaint that "he was in pain" from wound he believed "was becoming infected"); *Lewis*, 864 F.3d at 563-65 (assuming that inmate's excruciating back pain from muscle spasm was a serious medical need and finding that a reasonable juror could determine that lieutenant and nurse acted with deliberate indifference by delaying treatment for over an hour).

Based on the plaintiff's uncertainty as to defendant Kammer/Maher, the Court will let the plaintiff proceed against both defendants at this stage. The plaintiff should notify the Court when he determines the correct name of that defendant.

### III. Conclusion

The Court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. (ECF No. 13.)

The Court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. (ECF No. 12.)

Under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Capt. Elsinger, Sgt. Keller, CO Larkin, CO Kammer, and CO Maher. Under the informal service agreement, the Court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The Court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $336.63 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The Court **ORDERS** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

4

The Court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the Court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the Court advised of his whereabouts may result in the Court dismissing this case without further notice.

The Court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 14th day of October, 2020.

BY THE COURT:


s/ Brett H/ Ludwig
BRETT H. LUDWIG
United States District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.