UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

              Plaintiff,

     v.                                                  Case No. 20-cv-0281-bhl

JAMES ELSINGER, et al.,

              Defendants.

## DECISION AND ORDER

      Plaintiff Rufus West, who is representing himself, is proceeding with an Eighth Amendment claim that Defendants James Elsinger, Raymond Koeller, Darren Larkin, Colton Kammer, and Justin Maher were deliberately indifferent towards his serious medical condition when they ignored his requests for emergency medical care at the Green Bay Correctional Institution on July 14, 2018. Dkt. No. 15 at 3-4. On July 30, 2021, Koeller, Kammer, and Maher filed a motion for partial summary judgment based on their lack of personal involvement in the case. Dkt. No. 25. Koeller has since agreed to "withdraw" his motion for summary judgment based on factual disputes regarding his involvement in the case. *See* Dkt. No. 38 at 3. For the reasons explained below, the Court will grant the motion for summary judgment with respect to Kammer and Maher and will deny the motion for summary judgment with respect to Koeller. The Court will attempt to recruit *pro bono* counsel for trial in connection with the remaining defendants in this case.

## UNDISPUTED FACTS

      At the relevant time, West was an inmate at Green Bay Correctional Institution. Dkt. No. 27, ¶1. Kammer and Maher were correctional officers at the institution. *Id*., ¶2. Koeller was a sergeant at the institution. *Id*. Maher was not working at the institution on July 14, 2018. *Id*., ¶¶7-9.

      On July 14, 2018, sometime after midnight, West told Kammer that he needed to go to Health Services Unit (HSU) for back pain. *Id*., ¶¶10-11. There was only one "on-call" nurse available at that time in the night, so Kammer told West that he would need to get his supervisor's

approval to call the on-call nurse. *Id.*, ¶¶12-14. Kammer explains that only supervisors (i.e. sergeants and captains) can make the decision to call the on-call nurse during those hours in the night and he could not make that decision himself as a correctional officer. *Id.*, ¶17. West agrees that Kammer did not have the authority to call the on-call nurse at that time. *See* Dkt. No. 34, ¶17. Kammer also explains he did not see any signs that West was experiencing an obvious medical emergency, such as a heart attack, being unconscious, not breathing, or severe bleeding, at the time they spoke. Dkt. No. 27, ¶¶18-19, 25. And West agrees that Kammer did not see any signs of a medical emergency at that time. *See* Dkt. No. 34, ¶¶19, 25. Toward that end, West admits that he only described his injury to Kammer as "back pain." Dkt. No. 35, ¶11.

Kammer talked to his supervisor (Sergeant Larkin), who talked to his supervisor (Captain Elsinger). Dkt. No. 27, ¶¶15-16. Captain Elsinger concluded that West's complaints did not constitute a medical emergency and he directed Kammer to tell West to submit a Health Service Request (HSR), which would be addressed by HSU staff in the morning. *Id.*, ¶¶16, 21-24. Kammer relayed the message to West and West responded that he had already submitted an HSR. *See* Dkt. No. 35, ¶12. West then spoke to Koeller about his request for emergency medical care for back pain, but Koeller also denied the request. Dkt. No. 27, ¶¶26-37.

Later that morning, on July 14, 2018, Nurse Best reviewed West's HSR and scheduled him for an appointment with HSU for two days later, on July 16, 2018. *Id.*, ¶¶38-40. West states that HSU staff "ultimately determined…that [his] pain was the result of some type of musculoskeletal damage that necessitated medical treatment consisting of shots, pills, and physical therapy for several weeks." Dkt. No. 35, ¶27. HSU staff prescribed Tylenol and a muscle rub on July 16, 2018. Dkt. No. 27, ¶41. West received an injection of Toradol on July 18, 2018. *Id.*, ¶¶42-44. West states that he "still suffers from back and leg pain and numbness in his left leg." Dkt. No. 35, ¶28; *see also* Dkt. No. 27, ¶¶45-46.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Maher asserts that he is entitled to summary judgment because he was not working at the institution on July 14, 2018 when the constitutional violation allegedly occurred. Dkt. No. 26 at 10. Kammer asserts that he is entitled to summary judgment because he did not make the decision to forgo calling the on-call nurse to provide emergency medical care for West that night. *Id*. at 7-9.

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of others. *Id*. Indeed, §1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Id*. at 596.

The undisputed evidence establishes that Maher did not work at the institution on July 14, 2018; therefore, he could not personally have been involved in the incident. The undisputed evidence also establishes that Kammer did not have the authority to call the on-call nurse that night to provide emergency medical care for West. Captain Elsinger, who consulted with Sergeant Larkin, ultimately made the decision to forgo calling the on-call nurse that night, and Kammer is not responsible for decisions and misdeeds of Sergeant Larkin and/or Captain Elsinger. Toward that end, West concedes that Kammer "followed protocol in conveying [his] complaint to his supervisor" and West only asks the Court to deny summary judgment with respect to Koeller. *See* Dkt. No. 33. Therefore, the Court will grant the defendants' motion for partial summary judgment

3

with respect to Kammer and Maher and will dismiss them from the case. The Court will deny the motion for partial summary judgment with respect to Koeller based on his agreement that there are factual disputes regarding his involvement in the case. The Court will attempt to recruit *pro bono* counsel for trial in connection with the remaining defendants in this case.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 25) is **GRANTED in part** and **DENIED in part.** The motion is granted with respect to Defendants Maher and Kammer and they are **DISMISSED** from this case. The motion is denied with respect to Defendant Koeller. The Court will attempt to recruit *pro bono* counsel for trial in connection with the remaining defendants in this case.

Dated at Milwaukee, Wisconsin on November 19, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

Case 2:20-cv-00281-BHL   Filed 11/19/21   Page 4 of 4   Document 40